IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCIS GAGATKO, KH-1631, )
    Petitioner, )
     )
        v. ) 2:18-cv-50
     )
SUPT. ERIC BUSH, et al., )
    Respondents. )

MEMORANDUM OPINION and ORDER

Francis Gagatko, an inmate at the State Correctional Institution – Smithfield has presented a petition for a writ of habeas corpus (ECF No.5) which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Gagatko was convicted upon a plea of guilty to charges of robbery with serious bodily injury in the Court of Common Pleas of Washington County, Pennsylvania at CP-63-CR-1348-2006 and sentenced to a three to six year term of imprisonment on September 11, 2006.[1] In his petition, Gagatko contends he is entitled to relief because the Pennsylvania Board of Probation and Parole ("the Board") "maxed-out parolee and did not credit 10 months for [time spent at] 2PV centers, in-patient drug rehab and Act 122. Parolee was confined for a total of 10 months." More specifically he contends that:

> In October of 2017 the Pa. Parole Board gave me a hit and max-me out with their max-out date of April 12, 2019. They never gave me 10 months total credit for 2 PV Centers, 1 drug rehab and 1 Act 122. These are all confinement places and under law I am entitled to credit for being locked-up and not afforded any liberty on the streets. My max-out date should read June 12, 2018 and pray the court recognizes this error by the Parole Board and re-adjusts parolee's max-out date to its original date of June 12, 2018.[2]

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Petition at ¶ ¶12 and 18.

The record reflects that Gagatko was originally paroled on October 12, 2016.[3] The record further reflects that following his conviction of forgery and the imposition of a twelve-month sentence, the Board also determined that as a result of being a convicted violator, he was to serve 12 months of back time concurrent with his new sentence. At that time a parole maximum date of April 12, 2019 was established.[4]

In a letter mailed April 16, 2018 and explaining its action, the Board wrote:

> The decision to recommit (Gagatko) as a convicted parole violator gave the Board statutory authority to recalculate his sentence to reflect that he received no credit for the period he was at liberty on parole. 61 Pa.C.S. § 6138(a)(2). The Board denied him credit for time at liberty on parole in this instance. The Board advised him of this potential penalty, on the parole conditions he signed on October 11, 2016. He also had constructive notice of this potential penalty via the statute. Additionally, the ability to challenge the recalculation decision after it is imposed satisfies his due process rights…
>
> (Gagatko) claims that the Board failed to give him credit for time he resided at various centers… [H]e claims he resided at **Renewal #1** from January 14, 2015 to March 31, 2015, **Renewal #2 PVCCC** from April 1, 2015 to June 10, 2015, **Progress CCC** from May 19, 2016 to June 29, 2016. However, the record reflects your client received credit from April 1, 2015 to June 10, 2015 (Renewal #2) and from May 19, 2016 to June 29, 2016 (Progress). Additionally, Act 122 is not an appropriate credit challenge in this instance. Therefore, regarding the outstanding claim, the record reflects that he resided in the following center for the approximate period indicated:
>
> Renewal #1- from January 14, 2015 to March 31, 2015.
>
> In light of this claim, the Board will schedule an evidentiary hearing to determine if he is entitled to the aforementioned credit. The decision to schedule this hearing does not mean he has met his burden of proving that he is entitled to credit. That decision will be made after the hearing is held based on the facts presented. If he prevails at that evidentiary hearing, his max date will be adjusted as necessary. Because an evidentiary hearing is pending, the Board <u>cannot render a final decision on the credit challenged</u> at this time … After a decision from the evidentiary hearing is rendered, he may file an administrative appeal/petition for administrative review if he has not received the credit request.[5]

---

[3] See: Exhibit B to the response at p.6.
[4] See: Exhibit A to the response at pp.1-2.
[5] See: Exhibit C to the response at pp. 1-2.

In a decision rendered on October 1, 2018, the Board concluded that petitioner bears the burden of demonstrating that Renewal restricted his liberty sufficient to warrant credit for back-time, and

> It is the conclusion of the hearing examiner that Francis Gagatko did not meet the burden of proving that he is entitled to time credit under Cox for the period of time at Renewal, Inc. from 9/22/14 to 3/31/15. I make this conclusion based on the fact that he could leave the facility without being escorted, that he would not be restrained if he were to leave without permission, nor would he be treated as an escapee but rather as a parole absconder.
>
> Therefore, Francis Gagatko should not be awarded any credit for time spent at Renewal Inc.[6]

On October 4, 2018, Gagatko filed an appeal from this determination and further relief was denied on January 9, 2019.[7]

The relevant Pennsylvania statute, 61 Pa.C.S. § 6138(a)(2) provides:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and … shall be given no credit for the time at liberty on parole.

As a matter of state law this claim is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Finally, the relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's circumstances outside the

---

[6] See: ECF No. 21, Ex.A.
[7] See: ECF No. 23, Ex. A, and ECF No. 25-1.

institution and not on some arbitrary or capricious basis. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

Thus, the record clearly demonstrates that Gagatko's incarceration was not the result of a violation of any federally protected rights. Rather, the record demonstrates that at the time of his release on parole he still had a term remaining on his original sentence. Thus, the continuation of his incarceration after revocation is fully supported by the record here and not based on any arbitrary or capricious factors. For this reason, there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
United States Magistrate Judge

ORDER

AND NOW, this 9th day of January, 2019, for reasons set forth in the foregoing Memorandum, the petition of Francis Gagatko for a writ of habeas corpus (ECF No.1) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

The petitioner is advised that if he desires to appeal this determination, pursuant to Rule 4(a) F.R.App.P. he must file a notice of appeal with the Clerk of this Court within thirty (30) days of this date.

s/ Robert C. Mitchell
United States Magistrate Judge